**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2010

Lyle W. Cayce
Clerk

No. 10-50184
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JESUS NORBERTO MENDOZA-OLIVAS, also known as Jesus Mendoza,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2909-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Norberto Mendoza-Olivas (Mendoza) pleaded guilty to the charge of illegal reentry. *See* 8 U.S.C. § 1326. He appeals, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unreasonable. To support his claim of unreasonableness, he contends that the Guidelines "double counted" his prior drug conviction by using it to increase both his offense level and his criminal history category. This argument is without merit. *See United States v. Duarte*, 569 F.3d 528, 529-31

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). His argument that U.S.S.G. § 2L1.2 was developed in a problematic manner is also unavailing. *See id.*; *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008).

There is no merit to Mendoza's argument that his offense was an international trespass. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Similarly without merit is Mendoza's argument that his sentence overstated the seriousness of his unlawful reentry offense, failed to provide just punishment, undermined respect for the law, and failed to reflect his personal history and characteristics or his good motive for returning to the United States. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Mendoza has not rebutted the applicable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Accordingly, he has not shown that the district court plainly erred in imposing a within-guidelines sentence. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

AFFIRMED.